IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JAMES WILSON MCMEANS, JR. | ) | CASE NO. 18-82525-CRJ12 |
| SSN: XXX-XX-4589 | ) | CHAPTER 12 |
| Debtor. | ) | |

## CHAPTER 12 PLAN

COMES NOW James Wilson McMeans, Jr., debtor ("Debtor") in the above-styled Chapter 12 case, pursuant to 11 U.S.C. § 1223, and submits this Chapter 12 Plan.

**I.     Funding for Plan.** James Wilson McMeans, Jr. submits all of his future disposable income to the extent necessary to consummate this Chapter 12 Plan (the "Plan") by paying priority and secured claims pursuant to the terms set out herein. The Debtor specifically reserves all future income necessary for living and operating expenses and for direct, long-term payment of secured claims.

**II.     Unclassified Claims.** Pursuant to 11 U.S.C. § 1222(a)(3), the claims in this case are classified for the purpose of similar treatment as follows:

A.     Administrative claims. All administrative expenses claims consistent with of the Debtor's Chapter 12 case allowed pursuant to § 503(b) of the Code are given priority in accordance with §507(a)(1) of the Bankruptcy Code. These claims are divided into the following:

(a)     Any noticing fees and other charges due to the Clerk of Court;

(b)     A fee and reimbursement of expense for the Chapter 12 Trustee of $66.31 per month plus 5.5% of all unsecured distributions;

(c)     Professional compensation and reimbursement of expenses for the Debtor's attorney in amounts to be determined by the Court upon notice and a hearing; and

(d)     Any other priority claims which are timely filed and subsequently allowed by the Court. (The Debtor does not expect any claims in this sub-class to be filed.)

B.     Priority claims.

United States Internal Service ("IRS"): The IRS asserts a priority claim for unpaid income tax in the approximate amount of $2,237.95.

1

Alabama Department of Revenue ("ADOR"):  ADOR asserts priority claims no. 5 and 6 for unpaid state income tax in the approximate amount of $3,117.01.

## III.   Classified Claims.

### Class 1:   First Southern Financial.

Class 1(a) shall consist of the Allowed Secured Claim No. 11 of First Southern Financial in the amount of $12,705.76.  The Debtor seeks to reduce the interest rate on this claim from 21% to 5.25%, per annum.  Class 1(a) shall be amortized over sixty (60) months and shall accrue interest at 5.25%.  Class 1(a) shall be based upon equal monthly installments commencing sixty (60) days after the Effective Date of the Plan.  Such payments shall be $241.23 per month until paid.  All calculations of payments are subject to adjustment.  This payment will be paid by the Trustee.

Class 1(b) shall consist of the Allowed Secured Claim No. 12 of First Southern Financial in the amount of $6,354.38  The Debtor seeks to reduce the interest rate on this claim from 21% to 5.25%, per annum.  Class 1(a)(b) shall be amortized over sixty (60) months and shall accrue interest at 5.25%.  Class 1(a)(b) shall be based upon equal monthly installments commencing sixty (60) days after the Effective Date of the Plan.  Such payments shall be $120.64 per month until paid.  All calculations of payments are subject to adjustment.  This payment will be paid by the Trustee.

Class 1(a)(c) shall consist of the Allowed Secured Claim No. 13 of First Southern Financial in the amount of $10,539.66  The Debtor seeks to reduce the interest rate on this claim from 21% to 5.25%, per annum.  Class 1(a)(c) shall be amortized over sixty (60) months and shall accrue interest at 5.25%.  Class 1(a)(c) shall be based upon equal monthly installments commencing sixty (60) days after the Effective Date of the Plan.  Such payments shall be $200.11 per month until paid.  All calculations of payments are subject to adjustment.  This payment will be paid by the Trustee.

### Class 2:   Carrington Mortgage.
Class 2 shall consist of the allowed secured claim of Carrington Mortgage in the amount of $82,590.35.  Class 2 shall be amortized over two hundred and forty (240) months and shall accrue interest at 5.0%.  Class 2 shall be based upon equal monthly installments commencing sixty (60) days after the Effective Date of the Plan.  Such payments shall be $545.06 per month until paid.  All calculations of payments are subject to adjustment.  This payment will be paid by the Trustee.

### Class 3:   Unsecured Claims.
This class consists of any pre-petition unsecured claims concerning Debtor's farming operation or living expenses which are timely filed and subsequently allowed by the Court.  They include claims of every kind and nature including claims arising from the rejection of executory contracts, unexpired lease claims, deficiencies on secured claims, contract damage claims or

2

open account claims and damages arising from or related to any liquidated or contingent claim. It also includes any debt which is filed as a secured claim but, which is allowed as an unsecured claim by the Bankruptcy. The Debtor anticipates that this sum will be approximately $167,790.43.

Debtor proposes to initially pay sixty percent (60%) of "Net Plan Profit" of Debtor's farming operations, which would be Gross Income of Debtor, less costs of farming operations, secured and priority Plan payments, and cost of living for the Debtor for five (5) years. The remaining 40% will be used to pay taxes and capital needs of the farm. These will be annual installments made by November 30th of the following year. Attached as <u>Exhibit A</u> and <u>Exhibit B</u> are estimates by the Debtor of these costs. The Debtor's household budget shall be fixed for the five (5) year term of the Plan. *See* Ex. B. It is anticipated that the annual payment to Allowed Unsecured Claims will be as follows:

Year 1: $15,120.00; Year 2: $15,120.00; Year 3: $15,120.00; Year 4: $15,120.00; Year 5: $15,120.00

Annual payment will be distributed pro rata to Allowed Unsecured Claims. The Debtor contend this represents the entire disposable incomes of the Debtor.

    **IV.**    <u>**Treatment of claims.**</u> The various classes of claims described above shall receive the following treatment under the confirmed Plan, to wit:

    A.    <u>Administrative claims.</u> Pursuant to 11 U.S.C. § 1222(a), Debtor shall tender cash payments in full of all claims entitled to priority under 11 U.S.C. § 507(a)(1) upon entry of a final Order confirming the Plan. The amount of such claims shall be established as follows:

    (a)    The Debtor shall pay noticing fees in an amount according to a bill or certificate of charges due from the Clerk of the Court. This amount is estimated to be less than $100.00 dollars.

    (b)    The Debtor shall pay the Trustee her compensation and reimbursement of her expenses.

    (c)    The Debtor shall pay his attorney an amount approved by the Court for compensation and reimbursement of expenses after a notice and hearing upon proper application by said attorney. The amount of professional compensation due at confirmation is estimated to be approximately $12,000.00.

    B.    <u>Priority claims.</u> Debtor shall tender cash payments in full of all claims entitled to priority under 11 U.S.C. § 507(a)(2) through (a)(8) of the Bankruptcy Code over sixty (60) months from the date of confirmation and shall accrue interest at the rate of 4%. The Debtor's combined total of priority claims is $5,354.96. The estimated payment will be $98.62 per month. This payment will be made through the Trustee.

3

C.    Secured claims.

Class 1(a) – First Southern Financial.  As of August 24, 2018, Debtor owes First Southern Financial the approximate sum of $12,705.76 which is secured by the following:  One (1) 2001 Dodge RAM PU VIN 3B6MC36721M524817; and One (1) 1997 Kenworth Tractor Trailer.  The Debtor will pay First Southern Financial its allowed claim over the course of sixty (60) months and shall accrue interest at the rate of 5.25%.  Payments shall commence on the first day of the first month following confirmation of the Plan and shall continue thereafter until the debt owed to First Southern Financial is paid in full.  First Southern Financial shall retain its lien upon its collateral until its debt is paid in full at which time the Debtor may file the appropriate termination statements.  The estimated payment shall be $241.23 per month.  This payment will be made by the Trustee.

Class 1(b) – First Southern Financial.  As of August 24, 2018, Debtor owes First Southern Financial the approximate sum of $6,354.38 which is secured by the following:  One (1) 1966 Chevrolet 10 PU VIN 4C144N121010.  The Debtor will pay First Southern Financial its allowed claim over the course of sixty (60) months and shall accrue interest at the rate of 5.25%.  Payments shall commence on the first day of the first month following confirmation of the Plan and shall continue thereafter until the debt owed to First Southern Financial is paid in full.  First Southern Financial shall retain its lien upon its collateral until its debt is paid in full at which time the Debtor may file the appropriate termination statements.  The estimated payment shall be $120.64 per month.  This payment will be made by the Trustee.

Class 1(c) – First Southern Financial.  As of August 24, 2018, Debtor owes First Southern Financial the approximate sum of $10,539.66 which is secured by the following: One (1) 2007 Chevrolet Tahoe automobile, VIN 1GNFC13J57J293417.  The Debtor will pay First Southern Financial its allowed claim over the course of sixty (60) months and shall accrue interest at the rate of 5.25%.  Payments shall commence on the first day of the first month following confirmation of the Plan and shall continue thereafter until the debt owed to First Southern Financial is paid in full.  First Southern Financial shall retain its lien upon its debt is paid in full at which time the Debtor may file the appropriate termination statements.  The estimated payment shall be $200.11 per month.  This payment will be made by the Trustee.

Class 2:    Carrington Mortgage.  As of August 24, 2018, Debtor owes Carrington Mortgage the approximate sum of $82,590.35 which is secured by the following:  real property located at Lot 1, Block 4, according to the survey of Oakwood Subdivision, as recorded in Map Book C, Page 47, in the Probate Office of Limestone County, Alabama.  This debt is comprised of one (1) note and/or security agreement.  The Debtor will pay Carrington Mortgage its Allowed Secured Claim over the course of two hundred and forty (240) months, which includes interest at the rate of 5.0%.  Payments shall commence on the first day of the first month

4

following confirmation of the Plan and shall continue thereafter until the debt owed to Carrington Mortgage is paid in full. Carrington Mortgage shall retain its lien upon this collateral until Carrington Mortgage Allowed Secured Claim is paid in full at which time the Debtor may file the appropriate termination statements and mortgage releases. The estimated payment shall be $545.06 per month. This payment will be made by the Trustee.

Total monthly Plan payment is estimated to be approximately $1,271.97.

Class 3: Unsecured claims. Pursuant to 11 U.S.C. § 1222(b)(2), the Debtor elects to modify the rights of the holder of unsecured claims as follows:

(a)     Unsecured claimants shall receive fixed payments prorated under the Plan.

(b)     Payments shall be made in annual installments, commencing November 30, 2019, and continuing each year thereafter, for a total of five (5) annual installments. This payment will be made through the Trustee.

(c)     No interest accrued after the date of filing of the Petition shall be allowed on any unsecured claim, and interest unmatured as of that date shall be disallowed, as provided for in 11 U.S.C. § 502(b)(2).

(d)     Pursuant to 11 U.S.C. § 1225(a)(4), the value of the property as of the effective date of the Plan to be distributed under the Plan on account of each unsecured claim is described above, equals or exceeds the amount that would be paid on such claim in a liquidation claim under Chapter 7.

**IV.     Summary of Debtor's Farming Operations.**     The Debtor operates a seasonal row cropping operation, and provides some agricultural transportation to other farmers in the area. The Debtor receives farm income for this work and anticipate receiving assistance with Plan payments.

**V.     Implementation of Plan.**     Pursuant to 11 U.S.C.A.§ 1203, the Debtor shall continue its operation as a debtor-in-possession. The Debtor will fund this Plan through five (5) annual payments made to the Trustee on or by November 30th of each year beginning after the Effective Date. The disposable income will be generated from farming operations. The Debtor may, without further Order of this Court, incur debt in the ordinary course of business during the term of this Plan as necessary to implement this Plan.

By or before the 10th day of the month following confirmation of this Plan, and continuing each month thereafter pursuant to the terms of this Plan, the Debtor will remit to the Trustee the sum of all payments due to the allowed secured claims for that month in this matter, along with the amount necessary to pay all pending administrative expenses (the "Secured Payment"). Upon funds from each Secured Payment clearing the Trustee's bank account and being available, and after the Trustee pays all pending administrative expenses, he will make distributions to the allowed secured claims.

5

By or before the 10th day of the month following confirmation of this Plan, and continuing each month thereafter pursuant to the terms of this Plan, the Debtor will remit to the Trustee the sum of all monthly payments due to the allowed priority tax claims for that month in this matter and the amount necessary to pay all pending administrative expenses (the "Tax Payment"). Upon funds from each Tax Payment clearing the Trustee's bank account and being available, and after the Trustee pays all pending administrative expenses, he will make distributions to the allowed priority tax claims.

Upon receiving each annual Net Plan Profit and surplus disposable income payment, as described in the Plan above, and upon funds clearing the Trustee's bank account and being available, and after the Trustee pays all pending administrative expenses, he will make a pro-rata disbursement to the allowed unsecured claims, as proscribed by this Plan.

The Trustee will be entitled to compensation in the amount of 5.0% of all payments received and reimbursement of expenses in the amount of 0.5% of all payments received for a total amount of 5.5% of each payment received (the "Trustee Compensation and Reimbursement"). The Trustee will be entitled to Trustee Compensation and Reimbursement on each and every payment at the time it is received from the Debtor and may be paid without further order from the Bankruptcy Court.

> **VI.** **Liquidation Analysis.** *See* Exhibit C attached hereto.

> **VII.** **Miscellaneous terms.** The following additional Plan terms and conditions apply herein:

>> (a) **Modification of Rights.** Pursuant to 11 U.S.C. § 1222(b)(2), the Debtor elects to modify the rights of the holder of all secured claims by waiving any and all pre-confirmation defaults under the Loans or Security Agreements held by the secured creditors.

>> (b) **Lien Retention.** All secured creditors will retain a lien on their collateral except as otherwise provided herein.

>> (c) **Executory Contracts and Unexpired Leases.** The Debtor hereby assumes all executory contracts and unexpired leases concerning the Debtor's farming operations.

>> (d) **Effective date of the Plan.** The effective date of this Plan shall be the date that the United States Bankruptcy Court enters a final Order confirming this Plan. Such Order will be entered after Chapter 12 Plan is filed with the Court and a hearing is held confirming the Plan.

>> (e) **Vesting of Property.** Upon confirmation of the Plan, all of the property of the Chapter 12 estate shall vest in the Debtor.

6

(f)  Avoidance of Liens on Exempt Property.  Any and all liens which impair property exempt under Bankruptcy Code § 522(b) and applicable state exemption laws are hereby avoided and the claims held by the lien holders shall be considered Class3 unsecured claims.

(g)  Prior Claims.  All prior Orders entered by the United States Bankruptcy Court for the Northern District of Alabama in this case are hereby incorporated by reference.

(h)  Unsecured Claims.  Allowed unsecured claims shall mean the holder of an unsecured claim which was timely filed with the United States Bankruptcy Court or to which the Debtor does not object.

**VIII.  Claims.**  The actual payments to be made under this Plan will be based upon the allowed amount of each claim. The claim amounts reflected herein are estimates based upon information available to the Debtor.  Pursuant to 11 U.S.C.A § 502(b), the allowed amount of each claim will be the amount reflected in the Proof of Claim to which no objection is filed.  If an objection filed by each creditor to a claim is filed, the allowed amount shall be the amount determined by a final order of the Court.

**IX.  Compliance with Confirmation Requirements.**  The Debtor avers that this Plan complies with all applicable Chapter 12 standards for confirmation, to-wit:

(a)  Compliance with Laws and Good Faith.  The Debtor believes that the Plan complies with all provisions of Chapter 12 and any other applicable provisions of the Bankruptcy Code, that the Plan has been proposed in good faith and not by any means forbidden by law, and that all fees, charges or amounts required to be paid before confirmation shall be paid.

(b)  Feasibility.  Based upon the projected income and expenditures contained in the Debtor's Chapter 12 Statement, the Debtor believes that he will be able to make all payments required under the Plan.  The Debtor's Annual Farm Plan for five (5) years are attached hereto.  *See* Ex. B.

/s/ James Wilson McMeans, Jr.
JAMES WILSON MCMEANS, JR.
Debtor

/s/ Stuart M. Maples
STUART M. MAPLES
(ABS-1974-S69S)

MAPLES LAW FIRM, PC
200 Clinton Avenue West, Suite 1000
Huntsville, Alabama 35801
Tel: (256) 489-9779
Fax: (256) 489-9720
smaples@mapleslawfirmpc.com

7

## <u>CERTIFICATE OF SERVICE</u>

       I do hereby certify that on November 21, 2018, a copy of the foregoing document was served on the following by Electronic Case Filing a copy of the same.

Michelle T. Hatcher
Chapter 12 Trustee

Richard Blythe
Bankruptcy Administrator
richard_blythe@alnba.uscourts.gov

       I do hereby certify that on November 21, 2018, a copy of the foregoing document was served on the following by mailing a copy of the same United States Mail, properly addressed and first-class postage prepaid.

All parties requesting notice

All parties on the matrix attached hereto

                                          /s/ *Stuart M. Maples*
                                          STUART M. MAPLES

8

| Jimmy McMeans | Monthly Expenses |
|---|---|
| Mortgage | 800.00 |
| Groceries | 700.00 |
| Utilities | 400.00 |
| Car Insurance | 300.00 |
| Car Payments | 800.00 |
| Fuel | 6000.00 |
| AT&T Cell | 240.00 |
| AT&T Cable | 250.00 |
| Farm Insurance | 1500.00 |

**Annual Farm Plan**

**<u>Year One</u>**

| | |
|---|---|
| 500 acres Soybeans | Gross $93,750 |
|     25 bu per acre/12,500 bushels | Cost $46,000 |
|     $7.50 per bushel | Rent $23,437.50 |
| | Net $24,312.50 |
| | |
| 100 acres Wheat | Gross $17,500 |
|     50 bu per acre/5000 bushels | Cost $7,000 |
|     $3.50 per bushel | Rent $4,375 |
| | Net $6,125 |
| | |
| Trucking    Agriculture | Gross $130,000 |
|                       Driver-truck-fuel | Cost $110,000 |
| | Net $20,000 |

**Annual Farm Plan**

**Year Two**

| | |
|---|---|
| 500 acres Soybeans | Gross $93,750 |
|     25 bu per acre/12,500 bushels | Cost $46,000 |
|     $7.50 per bushel | Rent $23,437.50 |
| | Net $24,312.50 |
| | |
| 100 acres Wheat | Gross $17,500 |
|     50 bu per acre/5000 bushels | Cost $7,000 |
|     $3.50 per bushel | Rent $4,375 |
| | Net $6,125 |
| | |
| Trucking    Agriculture | Gross $130,000 |
|         Driver-truck-fuel | Cost $110,000 |
| | Net $20,000 |

**Annual Farm Plan**

**Year Three**

| 500 acres Soybeans | | Gross $93,750 |
|---|---|---|
| | 25 bu per acre/12,500 bushels | Cost $46,000 |
| | $7.50 per bushel | Rent $23,437.50 |
| | | Net $ 24,312.50 |
| | | |
| 100 acres Wheat | | Gross $17,500 |
| | 50 bu per acre/5000 bushels | Cost $7,000 |
| | $3.50 per bushel | Rent $4,375 |
| | | Net $6,125 |

| Trucking | Agriculture | | Gross $130,000 |
|---|---|---|---|
| | | Driver-truck-fuel | Cost $110,000 |
| | | | Net $20,000 |

### Annual Farm Plan

### <u>Year Four</u>

| | |
|---|---|
| 500 acres Soybeans | Gross $93,750 |
| 25 bu per acre/12,500 bushels | Cost $46,000 |
| $7.50 per bushel | Rent $23,437.50 |
| | Net $24,312.50 |
| | |
| 100 acres Wheat | Gross $17,500 |
| 50 bu per acre/5000 bushels | Cost $7,000 |
| $3.50 per bushel | Rent $4,375 |
| | Net $6,125 |
| | |
| Trucking      Agriculture | Gross $130,000 |
| Driver-truck-fuel | Cost $110,000 |
| | Net $20,000 |

**Annual Farm Plan**

**Year Five**

| | |
|---|---|
| 500 acres Soybeans | Gross $93,750 |
| 25 bu per acre/12,500 bushels | Cost $46,000 |
| $7.50 per bushel | Rent $23,437.50 |
| | Net $24,312.50 |
| | |
| 100 acres Wheat | Gross $17,500 |
| 50 bu per acre/5000 bushels | Cost $7,000 |
| $3.50 per bushel | Rent $4,375 |
| | Net $6,125 |
| | |
| Trucking      Agriculture | Gross $130,000 |
| Driver-truck-fuel | Cost $110,000 |
| | Net $20,000 |

**EXHIBIT C**

| Asset | Value | Creditor | Secured Claim | Exemption |
|---|---|---|---|---|
| Real Property - 205 Milton Rd., Athens, AL | $66,270.00 | Carrington Mortgage | $80,409.66 | $15,000.00 |
| 2007 Ford F250 Super Duty | $9,875.00 | Title Cash | $4,766.22 | |
| Case MX 240 Tractor | $25,000.00 | | | |
| KBH Module Builder | $1,500.00 | | | |
| KBH Nitrogen Rig | $500.00 | | | |
| Case IH Disk 30 ft. | $2,500.00 | | | |
| 7 bottom John Deere Turning Plow | $200.00 | | | |
| 12 foot Am-way disk | $400.00 | | | |
| One m farmall tractor | $400.00 | | | |
| Timptee Hopper Trailer | $8,000.00 | | | |
| 1997 Kenworth Tractor Trailer | $2,000.00 | | $12,705.76 | $4,050.00 |
| 2001 Dodge Ram Truck | $3,000.00 | First Southern Financial | | |
| 1966 Chevrolet S10 PU | $6,500.00 | | $6,354.38 | $2,500.00 |
| 2007 Chevrolet Tahoe | $12,000.00 | | $10,539.66 | |
| 2007 Freightliner Road Tractor | $5,000.00 | | | |
| 1997 Peterbilt Road Tractor | $1,000.00 | | | |
| 1984 Kenworth Road Tractor (owns 1/2) | $1,000.00 | | | |
| 1976 Mack Road Tractor | $500.00 | | | |
| 1984 Wilson Flatbed Trailer | $1,000.00 | | | |
| 7000 Allis Chalmers Tractor | $500.00 | | | |
| Off Set Disk 8 Foot | $400.00 | | | |
| Batwing Bush Hog | $500.00 | | | |
| Cash and Checking Account | $600.00 | | $114,775.68 | $600.00 |
| TOTALS: | $148,645.00 | | $22,150.00 | $11,719.32 |

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA, NORTHERN DIVISION

IN RE:                          )
                                )
JAMES WILSON MCMEANS, JR.       )    CASE NO. 18-82525-CRJ12
SSN:  XXX-XX-4589               )    CHAPTER 12
    Debtor.                     )

## CHAPTER 12 PLAN SUMMARY

**I.    ADMINISTRATIVE CREDITOR(S) PAYMENTS**

  A.  Creditor: United States Bankruptcy Court for noticing fees & other charges
Amount Owed: estimated to be under $100.00
Interest Rate: None
Payments: Debtor shall tender cash payment in full upon entry of Confirmation Order.
Amount of payment: estimated to be under $100.00
Payment made by:  Trustee (X) Debtor Direct ( )

  B.  Creditor's Name: Michelle T. Hatcher, Chapter 12 Trustee
Amount Owed: estimated to be $66.31
Interest Rate:  5% for Compensation; 0.5% for Expenses
Payments: Trustee shall deduct such from payment from Plan deposits as earned.
Payment made by:  Trustee (X) Debtor Direct ( )

  C.  Creditor's Name: Maples Law Firm, PC
Amount Owed: estimated to be $12,000.00 at confirmation; for approval at Confirmation
Interest Rate: None
Payments: Debtor shall tender cash payment in full upon entry of Confirmation Order.
Payment made by:  Trustee ( ) Debtor Direct (X)

**II.   PRIORITY CREDITOR(S)**

  A.  IRS:  Unpaid Income Tax
Amount owed: $2,237.95
Lien:  None
Interest Rate:  4%
Payment:  $41.22 per month
Payment made by:  Trustee (X) Debtor Direct ( )

  B.  ADOR:  Unpaid State Tax
Amount owed: $3,117.01
Lien:  None
Interest Rate:  4%
Payment:  $57.40 per month
Payment made by:  Trustee (X) Debtor Direct ( )

1

## III. SECURED CLAIMS

**A.** Class 1(a) First Southern Financial
Amount owed: $12,705.76
Lien: One (1) 2001 Dodge RAM PU VIN 3B6MC36721M524817; and One (1) 1997 Kenworth Tractor Trailer
Interest Rate: Class 1(a) shall be amortized over sixty (60) months and shall accrue interest at 5.25%.
Payment: $241.23 per month
Payment made by: Trustee (X) Debtor Direct ( )

**B.** Class 1(b) First Southern Financial
Amount owed: $6,354.38
Lien: One (1) 1966 Chevrolet 10 PU VIN 4C144N121010
Interest Rate: Class 1(a)(b) shall be amortized over sixty (60) months and shall accrue interest at 5.25%.
Payment: $120.64 per month
Payment made by: Trustee (X) Debtor Direct ( )

**C.** Class 1(a)(c) First Southern Financial
Amount owed: $10,539.66
Lien: One (1) 2007 Chevrolet Tahoe automobile, VIN 1GNFC13J57J293417
Interest Rate: shall be amortized over sixty (60) months and shall accrue interest at 5.0%.
Payment: $200.11 per month
Payment made by: Trustee (X) Debtor Direct ( )

**D.** Class 2 – Carrington Mortgage
Amount owed: $10,539.66
Lien: Real property located at Lot 1, Block 4, according to the survey of Oakwood Subdivision, as recorded in Map Book C, Page 47, in the Probate Office of Limestone County, Alabama
Interest Rate: Class 1(a)(c) shall be amortized over two hundred and forty (240) months and shall accrue interest at 5.0%.
Payment: $545.06 per month
Payment made by: Trustee (X) Debtor Direct ( )

## IV. UNSECURED CLAIMS

Pursuant to 11 U.S.C. § 1222(b)(2), the Debtors elect to modify the rights of the holder of unsecured claims as follows:

This class consists of any pre-petition unsecured claims concerning Debtor's farming operation. They include claims of every kind and nature including claims arising from the rejection of executory contracts, unexpired lease claims, deficiencies on secured claims, contract damage claims or open account claims and damages arising from or related to any liquidated or contingent claim. It also includes any debt which is filed as a secured claim

2

but, which is allowed as an unsecured claim by the Bankruptcy.  The Debtor anticipates that this sum will be approximately $167,790.43.

**V.     ASSUMPTION OF CONTRACTS**

<u>Executory Contracts and Unexpired Leases.</u>  Debtor proposes to assume all executory contracts and unexpired leases not previously rejected.

3

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JAMES WILSON MCMEANS, JR. | ) | CASE NO. 18-82525-CRJ12 |
| SSN: XXX-XX-4589 | ) | CHAPTER 12 |
|     Debtor. | ) | |

## STATEMENT OF DEBTOR

COMES NOW James Wilson McMeans, Jr., debtor ("Debtor"), and hereby files this Statement of Debtor in support of the Chapter 12 Plan and says as follows:

## BUSINESS AND HISTORY OF DEBTOR

**A.    Overview of Debtor and Debtor's Farming Operation.**

Debtor owns real property located at 205 Milton Road, Athens, Limestone County, Alabama, 35611. The Debtor operates a seasonal row cropping operation, and provides some agricultural transportation to other farmers in the area. The Debtor receives farm income for this work and anticipates receiving assistance with plan payments.

**B.    Assets.**

The Debtor has real estate owned jointly, having a value of approximately $66,270.00. The Debtor also leases approximately 1000 acres, used in the Debtor's seasonal row cropping operation.

**C.    Debt Structure.**

    1.    <u>Administrative Claims.</u>

At Confirmation, the Debtor anticipates administrative expense claims allowable under the Plan by Maples Law Firm, P.C., in the approximate amount of $12,000.00. The Debtor also anticipates paying any and all fees and reimbursement expenses to the Chapter 12 Trustee.

    2.    <u>Priority Claims</u>.

Debtor believes that he is indebted to the United States Internal Revenue Service in the approximate sum of $3,597.00, and to the Alabama Department of Revenue in the approximate sum of $3,117.01.

    3.    <u>Secured Debt.</u>

Debtor is currently indebted to First Southern Financial in the approximate sum of $12,705.76 which is secured by the following: One (1) 2001 Dodge RAM PU VIN

3B6MC36721M524817; and One (1) 1997 Kenworth Tractor Trailer. The Plan places the secured debt of First Southern Bank in Class 1(a).

Debtor is currently indebted to First Southern Financial in the approximate sum of $6,354.38 which is secured by One (1) 1966 Chevrolet 10 PU VIN 4C144N121010. The Plan places the secured debt of First Southern Bank in Class 1(b).

Debtor is currently indebted to First Southern Financial in the approximate sum of $10,539.66 which is secured by One (1) 2007 Chevrolet Tahoe automobile, VIN 1GNFC13J57J293417. The Plan places the secured debt of First Southern Financial in Class 1(c).

Debtor is currently indebted to Carrington Mortgage in the approximate sum of $82,590.35 which is secured by real property located at Lot 1, Block 4, according to the survey of Oakwood Subdivision, as recorded in Map Book C, Page 47, in the Probate Office of Limestone County, Alabama. The Plan places the secured debt of Carrington Mortgage in Class 2.

4.    <u>Unsecured Debt.</u>

Debtor currently has unsecured debt in the approximate amount of $167,790.43. The Plan places all unsecured claims in Class 3.

**D.    Prospective Income.**

Debtor shall continue to operate his farming operation as debtor-in-possession. The Debtor will fund this Plan through five (5) annual payments, consisting of all the Debtor's disposable income, made to the Trustee on or by November 1 of each year beginning after the Effective Date. The disposable income will be generated from the sale of seasonal row crops and from supplemental agricultural transportation income.

*/s/ James Wilson McMeans, Jr.*
JAMES WILSON MCMEANS, JR.
Debtor

*/s/ Stuart M. Maples*
STUART M. MAPLES
(ABS-1974-S69S)

MAPLES LAW FIRM, PC
200 Clinton Avenue West, Suite 1000
Huntsville, Alabama 35801
Tel: (256) 489-9779
Fax: (256) 489-9720
smaples@mapleslawfirmpc.com

2

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that on November 21, 2018, a copy of the foregoing document was served on the following by Electronic Case Filing a copy of the same.

Michelle T. Hatcher
Chapter 12 Trustee

Richard Blythe
Bankruptcy Administrator
richard_blythe@alnba.uscourts.gov

All parties requesting notice

/s/ *Stuart M. Maples*
STUART M. MAPLES

3

Label Matrix for local noticing
1126-8
Case 18-82525-CRJ12
NORTHERN DISTRICT OF ALABAMA
Decatur
Wed Nov 21 12:48:05 CST 2018

Monsanto Company
c/o Brian W. Hockett
Thompson Coburn LLP
One US Bank Plaza
St. Louis, MO 63101-1693

U. S. Bankruptcy Court
400 Well Street
P. O. Box 2775
Decatur, AL 35602-2775

Alabama Department of Revenue
PO Box 327483
Montgomery, AL 36132-7483

Audrey McMeans
205 Milton Rd.
Athens, AL 35611-2263

Ben Taylor
17844 Catfish Bluff
Athens, AL 35611-9142

Capital One
Attn: Bankruptcy
Po Box 30285
Salt Lake City, UT 84130-0285

Carrington Mortgage
PO Box 3489
Anaheim, CA 92803-3489

Carrington Mortgage Services, LLC
1600 Douglass Road
Anaheim, CA 92806-5951

Chris Davis
13459 McCormack Rd.
Athens, AL 35611-7118

Crop Production Services, Inc.
c/o Steven C. Sasser
PO Box 1469
Decatur, AL 35602-1469

Dora Massey
27680 Azalea Trail
Athens, AL 35613-5613

Farm Service Agency
13075 AL Hwy 157 Ste 3
Athens, AL 35612

First Southern Financial
PO Box 1379
Athens, AL 35612-6379

Ford Motor Credit
PO Box 6508
Mesa, AZ 85216-6508

Ford Motor Credit Company, LLC
c/o MacDowell & Associates Ltd. Inc.
P.O. Box 131029
Mtn. Brook, AL 35213-6029

Fox Collection Center
Attn: Bankruptcy
Po Box 528
Goodlettsvile, TN 37070-0528

Franklin Collection Service, Inc.
Attn: Bankruptcy
Po Box 3910
Tupelo, MS 38803-3910

Internal Revenue Service
Centralized Insolvency Operations
PO Box 7346
Philadelphia, PA 19101-7346

J Freeman & M Wesson Enterprises, LLC
3470 Gnat Pond Rd.
Muscle Shoals, AL 35661-4832

Jerry Gatlin
1518 Elkton St.
Athens, AL 35614-7000

Joyce White Vance
US Attorney General
1801 4th Ave North
Birmingham, AL 35203-2101

Kent D. McPhail, Esq.
Kent McPhail & Associates, LLC
126 Government St.
Mobile, AL 36602-3109

Kurt's Truck & Parts Company, Inc.
c/o John Raymond Frawley, Jr., Esq.
PO Box 101493
Birmingham, AL 35210-6493

Kurtz Truck & Parts Company, Inc.
728 31st St N
Birmingham, AL 35203-1326

LoanMe, Inc.
1900 S State College Blvd Suite 300
Anaheim, CA 92806-6152

LoanMe, Inc.
Attn: Bankruptcy
Po Box 5648
Orange, CA 92863

Loretta Lynch US Attorney General
US Dept. of Justice
950 Pennsylvania Ave NW
Washington, DC 20530-0009

Luther Strange
Alabama Attorney General
PO Box 300152
Montgomery, AL 36130-0152

Mallette Dermatology PC
5248 Greenfield Dr.
Athens, AL 35613

Merchants Ad
Attn: Bankruptcy
56 North Florida St
Mobile, AL 36607-3108

Midland Funding
c/o Holloway & Moxley, LLP
PO Box 4953
Montgomery, AL 36103-4953

Monsanto Company
800 N. Lindbergh Blvd.
Saint Louis, MO 63167-0001

PNC Bank NA, Successor to RBC Bank (USA)
c/o Alto Lee Teague, IV
PO Box 11405
Birmingham, AL 35202-1405

Pat Roberts
25156 Kingston Dr.
Athens, AL 35613-7382

Patrick Roberts
22161 Menova Trail
Athens, AL 35613

Perry Baker
14839 US Hwy 72
Athens, AL 35611-8341

Robert Tinnon
801 First Ave.
Athens, AL 35611-1423

SMS FINANCIAL P, LLC
6829 NORTH 12TH STREET
PHOENIX, AZ 85014-1109

State of Alabama
Department of Revenue Legal Division
PO Box 320001
Montgomery, AL 36132-0001

THE HEART CENTER
c/o Franklin Collection Service
P.O. Box 3910
Tupelo, MS 38803-3910

Teresa F. McMeans
20829 Juniper Private Circle
Athens, AL 35611-4990

Thomas McCrary
363 Nance Rd.
Madison, AL 35757-7921

Title Cash
211 US Hwy 31 South
Athens, AL 35611-2892

USDA Farm Service Agency
13075 AL Hwy 157 Ste 3
Moulton, AL 35650-6579

United States Department of Agriculture
13075 AL Hwy 157 Ste 3
Moulton, AL 35650-6579

Wade Gilbert
13851 Elk River Mills Rd.
Athens, AL 35614-4635

Deanna S. Smith
Maples Law Firm, PC
200 Clinton Avenue W.
Suite 1000
Huntsville, AL 35801-4919

James Wilson McMeans Jr.
205 Milton Rd.
Athens, AL 35611-2263

Michele T. Hatcher
Chapter 13 Trustee
P.O. Box 2388
Decatur, AL 35602-2388

Richard M Blythe
United States Bankruptcy Administrator
PO Box 3045
Decatur, AL 35602-3045

Stuart M Maples
Maples Law Firm, PC
200 Clinton Avenue W.
Suite 1000
Huntsville, AL 35801-4919

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)CARRINGTON MORTGAGE SERVICES, LLC

End of Label Matrix
Mailable recipients    51
Bypassed recipients     1
Total                  52