UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| IN THE MATTER OF: ) | |
| JAMES WILSON MCMEANS, JR. ) | CASE NO. 18-82525-CRJ-12 |
| ) | CHAPTER 12 |
| SSN XXX-XX-4589 ) | |
| ) | |
| DEBTOR ) | |

**TRUSTEE'S MOTION TO DISMISS**

COMES NOW, Michele T. Hatcher, the Trustee in the above styled case, and states:

1. The Debtor filed for relief under Chapter 12 of the U.S. Bankruptcy Code on August 24, 2018 and filed his Chapter 12 Plan on November 21, 2018.

2. The schedules filed by the Debtor are incomplete. The Debtor failed to report his ownership interest in a 2007 Wilson hopper bottom trailer on Schedule A/B. The Debtor indicated at the § 341 meeting of creditors the estimated value of said asset is $20,000. Further, the Debtor scheduled an ownership interest in a 1966 Chevrolet truck; corn, wheat and soybean crops; and Farm and fishing supplies, chemicals and feed with reported values indicated as "Unknown". The Trustee is unable to determine the amount of the Debtor's non-exempt equity in said property based on the schedules as filed.

3. The proposed Plan fails to address a scheduled secured debt owed to Farm Service Agency in the amount of $160,000. The Debtor further failed to describe the property securing said claim and reported the value of the undescribed property as "Unknown". The Trustee is unable to make a recommendation regarding whether the Plan meets the Best Interest of Creditor Test pursuant to § 1225(a)(4) of the U.S. Bankruptcy Code based on the schedules as filed.

4. The proposed Plan fails to address a scheduled secured debt owed to the United States Department of Agriculture in the secured amount of $60,000 and unsecured amount of $7,869.66.

5. The proposed Plan fails to address the secured claim filed by Carrington Mortgage Services, LLC, designated as claim #10 by the Clerk's Claim Register, specifically the pre petition arrears in the amount of $6,765.44 as reported in said claim. The Plan proposes a fixed monthly payment in the amount of $545.06 amortized over a period of two hundred and forty (240) months to be paid by the Trustee until paid in full. The Trustee is unable to determine if the Plan payment is sufficient to amortize the claim in full based on the current Plan.

6. The proposed Plan fails to address the secured claim filed by Title Cash in the amount of $4,766.22, designated as claim #7 by the Clerk's Claim Register. Further, the Debtor failed to schedule an ownership interest in the 2007 Ford F250 Super Duty truck securing said claim.

7. The secured claim filed by First Southern Financial, designated by the Clerk's Claim Register as claim #13, reported the amount of the secured claim as both $10,610.87 and $10539.66. The Trustee is unable to administer the claim as filed.

8. The Debtor failed to provide copies of government issued photo identification, evidence of his social security number and banks statements from deposit accounts located at Citizens Bank & Trust.

9. The proposed Plan provides for the Debtor to remit to the Chapter 12 Trustee a monthly payment in the amount of $1,271.97 per month for payment of secured and priority claims and an annual payment in the amount of $15,120 for distribution to the unsecured creditors. The Debtor reports in his schedules and Plan a monthly expense for Car Payments in the amount of $800 and Fuel in the amount of $6,000 and the Trustee is unclear if these items are duplicated expenses. The Debtor reflects net annual income in the aggregate amount of $50,437.50 on Exhibit B of the Plan, subtracting the monthly proposed payments in the aggregate amount of $15,263.64 ($1271.97 x 12 months), an annual payment in the amount of $15,120, and the Debtor's monthly living expenses as reported on Exhibit A in the amount of $50,280 (also subtracting the amount of $800 for Car Payments and $6000 for fuel) results in negative annual income in the amount of negative $30,226.14. Based upon this information, the Trustee alleges the Debtor's proposed Chapter 12 Plan is not feasible and moves for dismissal of the case.

10. The Trustee opposes the Plan provisions providing for the disbursement of secured claims by the Trustee as this imposes an undue hardship on the Trustee and is better accommodated through direct payments to the lender by the Debtor outside of the Plan.

WHEREFORE, the Trustee moves that the subject case be dismissed.

Done this 10th day of December, 2018.

/s/Michele T. Hatcher
Michele T. Hatcher, Chapter 12 Trustee
P.O. Box 2382
Decatur, AL. 35602
(256) 350-0442

# CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2018, I have served a copy of the foregoing on the parties listed below by depositing the same in the United States Mail, postage prepaid and properly addressed, or if the party being served is a registered participant in the CM/ECF System for the United States Bankruptcy Court for the Northern District of Alabama, service has been made by a "Notice of Electronic Filing" pursuant to FRBP 9036 in accordance with subparagraph II.B.4 of the Court's Administrative Procedures.

    James Wilson McMeans, Jr.
    205 Milton Rd
    Athens AL 35611

    Richard M. Blythe
    Assistant U.S. Bankruptcy Administrator
    Northern District, Northern Division of Alabama
    400 Well Street
    Decatur AL 35602

    /s/Michele T. Hatcher
    Michele T. Hatcher